**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Verdell F.B.,                                    Case No. 19-cv-1254 (DWF/DTS)

    Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

Andrew W. Saul,
*Commissioner of Social Security*,

    Defendant.

---

Verdell F.B., *Pro Se* Plaintiff

Tracey Wirmani, Social Security Administration, 1301 Young Street, Suite 340, Mailroom 104, Dallas, Texas 75202, for Defendant

---

    Plaintiff Verdell F.B. appeals the Social Security Administration's (SSA) determination that he no longer meets the income eligibility requirement for the Extra Help subsidy, which helps low-income beneficiaries with Medicare Part D prescription drug costs. He contends that SSA violated federal law by counting cost-of-living adjustments (COLA) when calculating his income for these purposes. SSA asserts that the federal law he relies on does not apply to the Medicare subsidy at issue. For the reasons stated below, the Court recommends that Verdell F.B.'s summary judgment motion [Docket No. 16] be denied and SSA's summary judgment motion [Docket No. 21] be granted.

### FINDINGS OF FACT

    SSA determined that Verdell F.B. became disabled in 2004. Docket No. 24-1 at 8-9.[1] His sole income is from Social Security Disability Income (SSDI) benefits. Docket

---

[1] Citations to page numbers refer to the Electronic Case Filing (ECF) pagination at the top of each page in the ECF header.

No. 5-1 at 2. For several years he received a Medicare Part D Extra Help subsidy for prescription drug costs, but on October 29, 2018 SSA terminated the subsidy because his income exceeded the 2018 income limit of $18,210. Notice of Termination, Docket No. 15-1 at 7-11. His countable income as of September 2018 was $18,792. *Id.* at 10. Verdell F.B. appealed the termination. *Id.* at 13. The Subsidy Appeal Unit conducted an on-the-record case review. *Id.* at 13-15. On March 8, 2019 SSA issued a Notice of Appeal Decision finding his annual income from Social Security benefits was $19,326 (after subtracting certain exclusions not in dispute here),[2] which exceeded the 2018 annual income limit of $18,210 for a household of one. *Id.* at 2, 32, 35 (2018 Federal Poverty Level Table).

Verdell F.B. sought review of SSA's decision in this Court. *See* 20 C.F.R. §§ 418.3625, 418.3650 (final decision is appealable to federal court); 42 U.S.C. § 1395w-114(a)(3)(B)(iv)(III) (judicial review of Medicare Part D subsidy eligibility determination is available to the same extent as provided in 42 U.S.C. § 405(g) regarding disability benefit determinations). SSA's findings of fact are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003).

## CONCLUSIONS OF LAW

There is no dispute that Verdell F.B.'s sole income comes from SSDI; that the relevant Extra Help income limit in 2018 was $18,210; and that his income was $19,326.

---

[2] He receives a Social Security check of $1,630.50 per month, or $19,566 per year, from which SSA subtracted $240 as a general income exclusion. Docket No. 15-1 at 2 (Notice of Appeal Decision).

2

Rather, he argues that if COLAs were subtracted, his income would be approximately $13,912, far below the Extra Help income eligibility threshold. Pl. Br. 3, Docket No. 17. However, he has not identified any legal authority for SSA to subtract COLA amounts from his SSDI income for purposes of determining his income eligibility for the Medicare Extra Help subsidy.

Verdell F.B. invokes the "Pickle[3] Disregard," 42 C.F.R § 435.135 [*id.* at 2-3] to support his argument, but that regulation pertains to Supplemental Security Income (SSI) benefits and *Medicaid* eligibility, not the *Medicare* Part D prescription drug subsidy at issue here. It states:

> § 435.135 Individuals who become ineligible for cash assistance as a result of OASDI cost-of-living increases received after April 1977.
>
> (a)  If an agency provides **Medicaid** to aged, blind, or disabled individuals receiving **SSI** or State supplements, it must provide **Medicaid** to individuals who -
>
> > (1)   Are receiving OASDI [Old Age, Survivors, or Disability Insurance];
> >
> > (2)   Were eligible for and receiving **SSI** or State supplements but became ineligible for those payments after April 1977; and
> >
> > (3)   Would still be eligible for **SSI** or State supplements if the amount of OASDI cost-of-living increases paid under section 215(i) of the Act, after the last month after April 1977 for which those individuals were both eligible for and received **SSI** or a State supplement and were entitled to OASDI, were deducted from current OASDI benefits.
>
> (b)  Cost-of-living increases include the increases received by the individual or his or her financially responsible spouse or other family member (e.g., a parent.

---

[3] The Pickle Amendment (named after its congressional sponsor), which gave rise to this regulation, was enacted in 1977 and is entitled "Preservation of Medicaid Eligibility for Individuals Who Cease to be Eligible for Supplemental Security Income Benefits on Account of Cost-of-Living Increases in Social Security Benefits." Pub.L. No. 94-566, Sec. 503, 90 Stat. 2667.

> (c) If the agency adopts more restrictive eligibility requirements than those under **SSI**, it must provide **Medicaid** to individuals specified in paragraph (a) of this section on the same basis as **Medicaid** is provided to individuals continuing to receive **SSI** or State supplements. If the individual incurs enough medical expenses to reduce his or her income to the financial eligibility standard for the categorically needy, the agency must cover that individual as categorically needy. In determining the amount of his or her income, the agency may deduct the cost-of-living increases paid under section 215(i) after the last month after April 1977 for which that individual was both eligible for and received **SSI** or a State supplement and was entitled to OASDI, up to the amount that made hm or her ineligible for **SSI**.

42 C.F.R. § 435.135 (emphasis supplied).

By its terms, § 435.135 addresses how to account for COLAs so that SSI recipients do not lose their Medicaid eligibility. It does not say that COLAs should be excluded as countable income when SSA determines eligibility for the Medicare Part D Extra Help subsidy. This section does not apply to, or even mention, the Medicare Extra Help subsidy program.[4] Section 435.135 also does not apply to Verdell F.B. because he was not an SSI recipient. The record indicates he never applied for or received SSI benefits.[5]

---

[4] Claimant also cites 42 C.F.R § 436.136 [Pl. Br. 4, Docket No.17], but that regulation likewise does not apply here. Section 436.136 ("State agency implementation requirements for one-time notice and annual review system") requires states to follow certain procedures regarding potential Medicaid eligibility for persons who lost SSI benefits.

[5] In his brief he does not dispute that he did not apply for SSI, but instead argues that in 2004 he requested both SSDI and SSI applications, and that the SSI notice language in the 2006 Extra Help Award Letter, stating how to apply for SSI, was "hidden" "boilerplate language." See Pl. Br. 4-5 ("Plaintiff requested an SSI Application as well as the disability application. . . . The unresolved issue is not only whether Plaintiff might have been entitled to SSI in the months before SSDI payments began but also whether Plaintiff might now have become eligible for Medicaid under the Wild Pickle doctrine noted above."), Docket No. 17. The Court further notes that the SSI notice language in the 2006 Award Letter is not, in fact, hidden. It is a short, plain-language paragraph under a heading in bold print entitled "How You May Be Able to Receive SSI." Docket No. 15-1 at 39. A reasonable person would be expected to read and understand it. Documents that Plaintiff submitted to the Court indicate he has Master's, Ph.D., and law degrees, and was a practicing attorney. Docket No. 24-1 at 12.

Because the Pickle Disregard rule does not apply to claimant's income calculation, SSA's factual determination that his income exceeds the limit for the Extra Help subsidy must stand.

Verdell F.B. raises additional issues in his Reply brief, including that he requested but did not receive a telephone hearing on his SSA appeal[6]; that his 37 pages of appeal exhibits are not part of the Administrative Record [Docket No. 15] that SSA filed with the Court; and that SSA failed to respond to the discrimination complaint he sent to the U.S. Department of Justice Disability Rights Section. *See* Pl. Reply Br., Docket No. 24. But he did not make these arguments in his main brief [Docket No. 17] and therefore he has waived them.[7] *See Vallejo v. Amgen, Inc.,* 903 F.3d 733, 749 n.12 (8th Cir. 2018) ("Vallejo argues in her reply brief about the procedural impropriety . . . . However, we consider the issue waived, as Vallejo did not raise the argument in her opening brief").[8]

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Plaintiff Verdell F.B.'s Motion for Summary Judgment [Docket No. 16] be DENIED and the Commissioner's Motion for Summary Judgment [Docket No. 21] be GRANTED.

Dated: July 20, 2020

                 s/ David T. Schultz
                 DAVID T. SCHULTZ
                 U.S. Magistrate Judge

---

[6] A document Plaintiff submitted shows a request for a telephone hearing [Docket No. 24-1 at 3], while SSA records indicate he waived it [Docket No. 15-1 at 13].

[7] SSA's brief [Docket No. 22 at 6] addresses the issue of a telephone hearing and states that Plaintiff argues it at page 1 of his brief, but this is incorrect. Nowhere in Plaintiff's 5-page opening brief [Docket No. 17] does he mention a hearing or lack of one, nor does he base any argument on the lack of a telephone hearing.

[8] Although Plaintiff mentions his discrimination complaint in passing in his opening brief [Docket No. 17 at 5], he makes no arguments based on it, nor does it appear to the Court that it would be relevant to the present appeal. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (points not meaningfully argued in opening brief are waived).

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).